

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
02/05/2009

|   |   |   |
|---|---|---|
| IN RE | ) |   |
| | ) | |
| LARIA A. WILLIAMS, | ) | CASE NO. 08-37720-H3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the "Debtor's Motion to Allow Chapter 13 Case to Continue in the Southern District of Texas" (Docket No. 11) and the court's Order to Show Cause (Docket No. 16). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered transferring the above captioned case to the Western District of Texas. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Laria A. Williams ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas on December 1, 2008. William E. Heitkamp is the Chapter 13 trustee.

In the petition, Debtor lists a residential address and

a separate mailing address in Calvert, Texas.  Calvert, Texas is located in Robertson County, in the Western District of Texas.  In the section of the petition labeled "Information Regarding the Debtor - Venue," Debtor checked a box indicating that "Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District."  (Docket No. 1).

In the instant motion filed by Debtor, Debtor seeks to retain the instant case in the Southern District of Texas, because the continuation of the case in the Western District of Texas would result in "an inconvenience for counsel" and cause additional costs for counsel to "redo all documents for the Western District."  In the court's order to show cause, the court directed that Debtor show cause why the case should not be transferred to the Western District of Texas.

At the hearing on the instant motion, counsel for Debtor argued that the case should be retained in the Southern District of Texas because a meeting of creditors has previously been conducted, and counsel for one of the creditors maintains an office in Houston.

The Chapter 13 trustee does not oppose maintaining the case in the Southern District of Texas.  Debtor stated that she

resided in Calvert, Texas on the petition date, and continues to reside in Calvert, Texas.

## Conclusions of Law

Under 28 U.S.C. § 1408, a case under Title 11 may be commenced in the district:

> in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district.

28 U.S.C. § 1408(1).

Under 28 U.S.C. § 1412, the court "may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

Bankruptcy Rule 1014(a)(2) provides:

> Cases Filed In Improper District. If a petition is filed in an improper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice ot the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

BR 1014(a)(2).

The 1987 Advisory Committee Note to Bankruptcy Rule

1014 notes that 28 U.S.C. § 1412 supersedes former 28 U.S.C. § 1477, which authorized a court either to transfer or retain a case which had been commenced in a district in which venue was improper. BR 1014 Advisory Committee Note (1987).

A case filed in an improper district must be transferred or dismissed. It may not be retained. <u>In re Pick</u>, 95 B.R 712 (Bankr. D.S.D. 1989).

In the instant case, Debtor resided in the Western District of Texas on the petition date. Accordingly, Debtor's filing of the instant case in the Southern District of Texas is improper. The court concludes that the case should be transferred to the Western District of Texas.

Based on the foregoing, a separate Judgment will be entered transferring the above captioned Chapter 13 case to the United States District Court for the Western District of Texas.

Signed at Houston, Texas on this ___5___ day of ___Feb___, 2009.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE